IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| REMBRANDT SOCIAL MEDIA, LP, | CASE NO. 1:13-cv-00158-TSE/TRJ |
| Plaintiff | |
| v. | |
| FACEBOOK, INC., | |
| Defendant. | |

**REBUTTAL IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION TO
STRIKE SUPPLEMENTAL EXPERT REPORT OF JAMES E. MALACKOWSKI AND
REPLY EXPERT REPORT OF KENT D. VAN LIERE PH.D**

# TABLE OF CONTENTS

Page No.

I. INTRODUCTION ..................................................................................................... 1

II. ARGUMENT .......................................................................................................... 1

    A.      Rembrandt's "Straw-Man" Argument is Undermined by Its Own Expert Reports and Testimony .......................................................................................... 1

    B.      Neither the Scheduling Order Nor Rule 26(a)(2)(D)(ii) Permit the Second Malackowski and Van Liere Reports................................................................... 4

    C.      The Second Malackowski and Van Liere Reports Are Not Proper Rebuttal Reports ................................................................................................................... 6

            1.      The Second Malackowski Report is Not a Rebuttal Report under Rule 26(a)(2)(D)(ii) ................................................................................ 6

            2.      The Second Van Liere Report is Not a Rebuttal Report under Rule 26(a)(2)(D)(ii) ................................................................................ 7

    D.      Rembrandt's Late-Game Tactics Are Neither Harmless Nor Substantially Justified ................................................................................................................. 8

III. CONCLUSION ........................................................................................................ 11

# TABLE OF AUTHORITIES

Page No.

## CASES

*Akeva L.L.C. v. Mizuno Corp.*,
212 F.R.D. 306 (M.D.N.C. 2002) ........................................................................4, 5

*Eckelkamp v. Beste*,
315 F.3d 863 (8th Cir. 2002) ...............................................................................5

*IBM Corp. v. Fasco Indus. Inc.*,
C-93-20326 RPA, 1995 WL 115421 (N.D. Cal. Mar. 15, 1995)............................5

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
694 F.3d 51 (Fed. Cir. 2012)................................................................................7

*Lucent Techs., Inc. v. Gateway, Inc.*,
580 F.3d 1301 (Fed. Cir. 2009)............................................................................4

*Masler v. Fields*,
Civ. No. 06/4917, 2007 U.S. Dist. LEXIS 98596 (D. Minn. Dec. 21, 2007) ...........5

*Mayou v. Ferguson*,
544 F. Supp. 2d 899 (D.S.D. 2008) ......................................................................5

*Noffsinger v. Valspar Corp.*,
Case No. 09 C 916, 2011 U.S. Dist. LEXIS 60 (N.D. Ill. Jan. 3, 2011)...............7, 8

*Peals v. Terre Haute Police Dep't*,
535 F.3d 621 (7th Cir. 2008) ...............................................................................7

*S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*,
318 F.3d 592 (4th Cir. 2003) .......................................................................8, 9, 10

*Scott v. Holz-Her, U.S., Inc.*,
Civ. No. 6:04cv00068, 2007 U.S. Dist. LEXIS 79552 (W.D. Va. Oct. 26, 2007) .................10

## OTHER AUTHORITIES

Fed. R. Civ. P. 16(b)(4)..........................................................................................9

Fed. R. Civ. P. 26 ........................................................................................... *passim*

Rule 37(c)..............................................................................................1, 8, 11

## I.      <u>INTRODUCTION</u>

Rembrandt should have addressed the issues raised in the Second Malackowski and Van Liere Reports in its opening expert reports.  It failed to do so.  Rembrandt now seeks to essentially rewrite its original expert reports by proffering new evidence and new expert opinion *two days before the expert discovery cutoff*.  Rembrandt's attempt to justify these reports as "rebuttal reports" should be rejected.  ***First***, even if the Second Malackowski and Van Liere Reports could be considered rebuttal reports, they are impermissible.  This Court's Scheduling Order supercedes Rule 26(a)(2)(D)(ii)[1] and does not allow for expert sur-rebuttal.  ***Second***, the Second Malackowski and Van Liere Reports are in fact not rebuttal reports.  Rather, they are thinly veiled attempts to introduce new expert testimony and theories that should have been disclosed in its opening expert reports.  ***Third***, Rembrandt's untimely disclosure of the new reports is neither "substantially justified" nor "harmless."  Rembrandt's untimely expert reports, if permitted, would require the Court to substantially alter the pretrial schedule entered by Judge Ellis in this case (ECF No. 186).  Dispositive motions have already been filed pursuant to that schedule, and motions in limine must be filed by September 20, 2013.  If the Court allows these new reports, Facebook would be forced to serve its own sur-rebuttal reports to address the new opinions, followed by a second round of depositions of expert witnesses who have already been deposed.  Accordingly, this Court should exclude the Second Malackowski and Van Liere Reports under the automatic sanction of Rule 37(c).

## II.      <u>ARGUMENT</u>

### A.  **Rembrandt's "Straw-Man" Argument is Undermined by Its Own Expert Reports and Testimony.**

Rembrandt attempts to justify the Second Malackowski and Van Liere Reports by

---

[1] All references to "Rules" in the brief are to the Federal Rules of Civil Procedure.

contending they were necessary to "rebut" the focus of Facebook's experts on BigPipe technology and the Audience Symbol feature.  (ECF No. 208 at 2–3.)  But Rembrandt is itself focused on BigPipe and Audience Symbols, and therefore has no excuse for not addressing these features in its opening damages and survey reports.  For  example,  Dr.  Golbeck,  Rembrandt's infringement  expert,  testified  that  BigPipe  was  "essential"  to  Rembrandt's  theory  of infringement:

> Q:     So my question was, are the accused technologies under the asserted patents the BigPipe and MPAT technologies?
>
> A:     Yes.  So in this case, those technologies are the methods for organizing the display.
>
> \*\*\*
>
> Q:     Correct.  But the BigPipe technology is an essential component of all your infringement theories with respect to all of the story display pages, correct?
>
> A:     Yes, it is.
>
> \*\*\*
>
> Q:     Okay.  And you're not offering an opinion regarding infringement by story display pages that don't use BigPipe on the main website, correct?
>
> A:     That's correct.
>
> Q:     Okay.  So to the extent pages like Newsfeed, Timeline, and Album pages are rendered with technologies other than BigPipe, those aren't part of your infringing opinions, correct?
>
> A:     That's correct.

(Golbeck Dep. at 24:10–18; 42:16–20; 273:10–13[2].)

Malackowski also focused on BigPipe and Audience Symbols by contending that the

---

[2] Excerpts from the deposition transcript of Dr. Jennifer A. Golbeck ("Golbeck Dep.") is attached as Exhibit A to the Declaration of Dane Voris in Support of Reply of Defendant Facebook, Inc.'s Motion to Strike Supplemental Expert Report of James E. Malackowski and Reply Expert Report of Kent D. Van Liere, Ph.D. ("Voris Decl.").

introduction of these two features marked the alleged date of first infringement. (*See* ECF No. 194–2 at 3 (explaining that Facebook's alleged infringement did not begin until 2009, "[a]fter introducing BigPipe and sending the privacy information to the browser"); *see also* Golbeck Dep. at 23:22–25 (same).) In other words, Newsfeed, Timeline, Groups, and Photo/Video sharing are not in and of themselves accused of infringement. Rather, as Rembrandt and its technical expert have readily acknowledged, it is the process of transmitting and rendering information displayed on those Facebook pages *through BigPipe* (and *with Audience Symbols*) that allegedly infringes the patents-in-suit. BigPipe and the Audience Symbol have been essential to Rembrandt's infringement theories since the very beginning of this case. Rembrandt should have foreseen the need to perform its damages analysis based on the purported value of these features. The opening expert reports of its damages experts, however, largely ignored BigPipe and the Audience Symbol in an attempt to proffer an exaggerated and wildly unreasonable damages demand. Facebook's damages rebuttal reports appropriately took Rembrandt's experts to task for their overreaching and glaring omissions.

The Second Malackowski and Van Liere Reports also contradict Rembrandt's contention that these features are merely "straw-men." The Second Malackowski Report proffers nearly ten pages of new evidence and opinion regarding the purported "importance" of BigPipe and the Audience Symbol to Facebook's growth as a social-media platform. (*See* ECF No. 194–2 at 5–15; ECF No. 194 at 6–7.) The Second Van Liere Report attempts to reprocess Facebook's own survey data to conclude that BigPipe's speed is in fact significant to users. (ECF No. 194–3 at 6–7.) BigPipe and Audience Symbols are the core of Rembrandt's theory of infringement, not straw men. By waiting until untimely expert reports served two days before the close of expert discovery to address these features, Rembrandt deprived Facebook of the chance to respond to a

critical component of Rembrandt's damages case.

**B.   Neither the Scheduling Order Nor Rule 26(a)(2)(D)(ii) Permit the Second Malackowski and Van Liere Reports.**

Rembrandt contends that the Scheduling Order in this case is silent on the deadline for "true rebuttal reports," and therefore Rule 26(a)(2)(D)(ii) permits it to respond to Facebook's expert rebuttal reports up to the August 23rd expert discovery deadline. (ECF No. 208 at 9–10.) Rembrandt is wrong in both respects. The Scheduling Order, as amended, provides a clear and unambiguous deadline for "Rebuttal expert reports"—August 12, 2013. (ECF No. 186.) Moreover, even if it did not, Rule 26(a)(2)(D)(ii) applies only "[a]bsent a stipulation or a court order." Fed. R. Civ. P. 26(a)(2)(D). Because expert discovery was expressly governed by this Court's Scheduling Order, Rule 26(a)(2)(D) simply does not apply. *Akeva L.L.C. v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C. 2002) ("[W]hen there is a discovery plan covering expert disclosures, the plan controls and not the explicit provisions of Rule 26(a)(2)(C).").[3]

First, the Scheduling Order is not silent on the deadline for rebuttal expert reports. The Discovery Plan agreed upon by Facebook and Rembrandt, and adopted by this Court, provides for two kinds of expert reports: (1) "initial expert reports . . . for matters on which a party bears the burden of proof," and (2) "rebuttal reports." (ECF No. 51 at 8; ECF No. 61 at 2.) As the party asserting patent infringement, Rembrandt bears of the burden of proving damages. *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1324 (Fed. Cir. 2009). Thus, Rembrandt is entitled to produce an "initial expert report" and Facebook a "rebuttal." (ECF No. 51 at 8.) Nothing more is contemplated or permitted by the parties' agreement or the Scheduling Order. (*See id.*) If Rembrandt wanted provisions in the Scheduling Order for expert sur-rebuttal—or, as Rembrandt calls it, "true rebuttal reports"—then it should have demanded that language from the

---

[3] Rule 26(a)(2)(C) became Rule 26(a)(2)(D) with the 2010 Amendment to the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26 advisory committee's note (2010).

outset.  *See Akeva L.L.C.*, 212 F.R.D. at 310 (rejecting an identical argument because, among other things, "plaintiff had as much role in choosing the words [of the scheduling order] as did defendants").  Rembrandt cannot back-track now and claim that the parties intended for sur-rebuttal all along.  (ECF No. 208 at 9–10.)

Moreover, even if the Scheduling Order were truly silent on the issue of expert rebuttal reports, Rule 26(a)(2)(D)(ii) still would not apply.  *Akeva L.L.C.*, 212 F.R.D. at 310; *Eckelkamp v. Beste*, 315 F.3d 863, 872 (8th Cir. 2002); *Masler v. Fields*, Civ. No. 06/4917 (PAM/JSM), 2007 U.S. Dist. LEXIS 98596, at *7 (D. Minn. Dec. 21, 2007) ("Where a court issues a scheduling order that provides for expert disclosures, but does not expressly permit disclosure of rebuttal experts by plaintiff . . . the 30-day disclosure deadline for rebuttal reports in Rule 26(a)(2)(C) does not apply."); *IBM Corp. v. Fasco Indus. Inc.*, C-93-20326 RPA, 1995 WL 115421, at *2 (N.D. Cal. Mar. 15, 1995).[4]  Rule 26(a)(2)(D) applies only "[a]bsent a stipulation or a court order."  Fed. R. Civ. P. 26(a)(2)(D).  The parties stipulated to a Discovery Plan and the Court issued several Scheduling Orders concerning expert discovery.  (ECF Nos. 51, 61, 186.)  Thus, the factual predicate necessary to invoke Rule 26(a)(2)(D) is not present.  *See IBM Corp.*, 1995 WL 115421, at *2 ("The critical question, however, is whether the court has spoken on the subject of expert disclosures generally, not whether it has specifically substituted its own deadlines for those proposed in Rule 26(a)(2)(C).").  The rule makes particular sense here, where Rembrandt seeks to proffer its new expert opinions two days before the expert discovery deadline, leaving Facebook no time to prepare its own sur-rebuttal.

---

[4] Facebook recognizes a split of authority among district courts regarding the application of Rule 26(a)(2)(D)(ii).  *See, e.g., Mayou v. Ferguson*, 544 F. Supp. 2d 899, 900–01 (D.S.D. 2008).  However, the only circuit-level decision that Facebook has found on this point, *Eckelkamp v. Beste*, supports Facebook's position.  *See* 315 F.3d at 872 ("The district court's case order set its management requirements and did not provide for rebuttal experts and the court was entitled to hold the parties to that order.").

### C.  The Second Malackowski and Van Liere Reports Are Not Proper Rebuttal Reports.

Rembrandt concedes that the Second Malackowski and Van Liere Reports are not supplemental expert reports.  (ECF No. 208 at 3.)  Rembrandt further concedes that these Reports address issues Rembrandt failed to discuss in its opening reports.  (*Id*.)  Rembrandt's sole excuse for serving these Reports two days before the expert discovery cut off is that they were needed to "rebut" Facebook's expert reports.  (*Id*.)  Rembrandt's position is incorrect.

### 1.  The Second Malackowski Report is Not a Rebuttal Report under Rule 26(a)(2)(D)(ii).

Under Rule 26(a)(2)(D)(ii), a proper rebuttal report "is intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii).  The Second Malackowski Report addresses issues that Rembrandt knew about and that pertain to its case in chief, and therefore is not a proper rebuttal report.  (*See* ECF No. 194 at 5–8.)

First, the Second Malackowski Report purports to reconcile the description of Facebook's allegedly infringing features in Dr. Golbeck's report with that in the original Malackowski Report.  (ECF No. 194 at 5; ECF No. 194–2 at 3–4.)  Rembrandt attempts to characterize this analysis as a rebuttal to Dr. Iansiti's report, but it is no such thing.  It is instead an attempt to reinvent a damages report through new opinions that should have been provided in Rembrandt's opening reports.  (*See* ECF No. 208 at 3.)  Malackowski's opinion regarding BigPipe and Audience Symbols therefore does not qualify as "rebuttal" evidence under Rule 26(a)(2)(D)(ii).

Second, the Second Malackowski Report attempts to fix a flaw in Malackowski's original analysis of the royalty base for Rembrandt's damages.  (*See* ECF No. 194 at 5–6; ECF No. 194–2 at 4–5.)  Malackowski used Facebook's entire advertising revenue as a starting point for his damages calculation without making any attempt to show that the accused features drive demand

6

for Facebook's entire product.  (*See* ECF No. 208 at 6.)  This is contrary to established Federal

Circuit precedent.  *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 67–68 (Fed.

Cir. 2012) ("[P]atentees may not calculate damages based on sales of the entire product, as

opposed to the smallest salable patent-practicing unit, without showing the demand for the entire

product is attributable to the patented feature.").  In an effort to fix this flaw, Malackowski now

asserts that Facebook itself is the "smallest salable unit."  (ECF No. 194–2 at 4.)  This change is

meant to buttress Malackowski's opening expert opinion by fixing a critical flaw, not to rebut

Facebook's expert reports.  *See Noffsinger v. Valspar Corp.*, Case No. 09 C 916, 2011 U.S. Dist.

LEXIS 60, at *18 (N.D. Ill. Jan. 3, 2011) ("[A] party may not offer testimony under the guise of

'rebuttal' only to provide additional support for his case in chief.") (quoting *Peals v. Terre Haute

Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008)).

Third, the bulk of the Second Malackowski Report adds new evidence and opinion

regarding the alleged importance of BigPipe and the Audience Symbol to Facebook's growth.

(ECF No. 194–2 at 5–15.)  Again, this is merely a transparent attempt to repair Malackowski's

failure to consider BigPipe and the Audience Symbol in his original damages analysis, not

proper rebuttal.  *See* Fed. R. Civ. P. 26(a)(2)(D)(ii).

The rest of the Second Malackowski Report is improper sur-rebuttal not provided for in

this Court's Scheduling Order.  (*See supra* Section II.B.)

### 2. The Second Van Liere Report is Not a Rebuttal Report under Rule 26(a)(2)(D)(ii).

The Second Van Liere Report also is not a proper rebuttal report under Rule

26(a)(2)(D)(ii).  (*See* ECF No. 208 at 8.)  Key portions of the Second Van Liere Report consist

of new expert opinion regarding the significance of BigPipe and the Audience Symbol—issues

not addressed in any of Rembrandt's original surveys.  (ECF No. 194 at 9; ECF No. 194–3 at 6–

12.)  The rest of the Second Van Liere Report is improper sur-rebuttal not provided for in this Court's Scheduling Order.  (*See supra* Section II.B.)

First, the Second Van Liere Report contains a five-page effort to rehabilitate Van Liere's original survey report in light of the criticisms of Facebook's survey expert.  (ECF No. 194–3 at 1–6.)  If anything, this analysis is impermissible sur-rebuttal.  (ECF No. 194 at 8; *see supra* Section II.B.)

Second, the Second Van Liere Report purports to construe Facebook's own survey data to conclude that BigPipe and the Audience Symbol are significant to Facebook users.  (ECF No. 194 at 9.)  Any analysis of the alleged importance of BigPipe and the Audience Symbol to Facebook users pertains to Rembrandt's case in chief and therefore should have been disclosed in its opening expert reports.  *See Noffsinger*, 2011 U.S. Dist. LEXIS 60, at *18.

### D.  Rembrandt's Late-Game Tactics Are Neither Harmless Nor Substantially Justified.

Rembrandt bears the burden of demonstrating that its untimely expert reports are both substantially justified and harmless.  *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003).  Rembrandt has failed to do so here.  Accordingly, this Court must exclude the Second Malackowski and Van Liere Reports.  *Id*. at 595 n.2 (exclusion is "automatic" under Rule 37(c)).

First, Facebook was surprised by Rembrandt's last-minute service of the Second Malackowski and Van Liere Reports.  (*See* ECF No. 194); *S. States Rack & Fixture, Inc.*, 318 F.3d at 597.  Rembrandt delivered the reports two days before the expert discovery cutoff and more than a week after any proper expert "rebuttal" report was to be filed in this case.  (ECF No. 194 at 1–2.)  Moreover, contrary to Rembrandt's representations, the Second Malackowski and Van Liere Reports are not mere rebuttal reports.  (*See* ECF No. 208 at 3.)  They contain

substantial new evidence and expert opinion that should have been addressed in Rembrandt's initial reports.  Rembrandt tries to explain this fact away by suggesting that it was Facebook whose rebuttal reports "constituted a wholly new approach to this case." (*Id.* at 11.)  But Dr. Golbeck's repeated admissions that BigPipe is the critical element to Rembrandt's infringement case belie such a position. (Golbeck Dep. at 24:10–18; 42:16–20; 273:10–13.)  Rembrandt made a strategic decision to focus its damages analysis on a set of Facebook features that do not by themselves allegedly infringe anything.  To attempt to compensate for this miscalculation now, two days before expert discovery closed and less than a month before the pretrial conference, is both surprising and highly prejudicial.

Second, Facebook's surprise cannot be cured.  *See S. States Rack & Fixture, Inc.*, 318 F.3d at 597.  The expert discovery cutoff is past, and Rembrandt's late-game strategies do not present "good cause" to modify the trial schedule now.  (*See* ECF No. 186); *see also* Fed. R. Civ. P. 16(b)(4).  Thus, Facebook has no present ability to conduct additional expert discovery and submit its own rebuttal to Rembrandt's new evidence and opinions.  (ECF No. 194 at 10–11.)  Contrary to Rembrandt's suggestions, the upcoming depositions of Malackowski and Van Liere are not sufficient to mitigate Facebook's prejudice.  (*See* ECF No. 208 at 12.)  "[T]he rules of expert disclosure are designed to allow an opponent to examine and expert opinion for flaws and to develop counter-testimony through that party's own experts." *S. States Rack & Fixture, Inc.*, 318 F.3d at 598.  Dr. Iansiti has already been deposed and cannot meaningfully respond to Rembrandt's new opinions without undue hardship due to a family emergency.  (ECF No. 194 at 10–11.)  Rembrandt knew this, and served its reports anyway.  (*Id.*)

Third, the Second Malackowski and Van Liere Reports threaten to disrupt the trial of this case.  *See S. States Rack & Fixture, Inc.*, 318 F.3d at 597.  The pretrial conference is just three

weeks away, and trial is expected within four to eight weeks later.  (ECF No. 186.)  Re-opening expert discovery to allow for additional depositions and Facebook's own sur-rebuttal will either result in a postponement of the trial date, or unfairly prejudice Facebook's trial preparation. Rembrandt made the strategic decision to litigate this case in the Eastern District of Virginia in order to take advantage of this Court's speed.  It cannot now argue in favor of delaying trial just to account for the failures of its original expert reports.  (ECF No. 208 at 12 (citing *Scott v. Holz-Her, U.S., Inc.*, Civ. No. 6:04cv00068, 2007 U.S. Dist. LEXIS 79552, at *7 (W.D. Va. Oct. 26, 2007), for the proposition that "a continuance could have been easily and freely given").)

Fourth, as Rembrandt recognizes, the new expert opinion in the Second Malackowski and Van Liere is "very important."  (ECF 208 at 13); *S. States Rack & Fixture, Inc.*, 318 F.3d at 597. Rembrandt fails to recognize, however, that this factor cuts both ways.  *See id*. at 598–99.  The importance factor "must be viewed from the perspective of both parties."  *Id.* at 198.  The more important the evidence, the more reason it should have been timely disclosed in the first place. *Id.* at 598–99.  Rembrandt has no legitimate excuse for effectively ignoring BigPipe and the Audience Symbol in its original expert reports.  (*See* Golbeck Dep. at 24:10–18; 42:16–20; 273:10–13.)  Accordingly, this factor actually weighs against Rembrandt.

Finally, any attempt by Rembrandt to explain why it failed to disclose the new evidence and opinion in the Second Malackowski and Van Liere Reports a month ago in its initial expert reports rings hollow.  *See S. States Rack & Fixture, Inc.*, 318 F.3d at 597.  As discussed above, BigPipe and the Audience Symbol have been central to Rembrandt's infringement theory from the start.  There is no excuse for leaving an analysis of those features out of Rembrandt's initial expert reports.  This Court should not permit Rembrandt to essentially turn back the clock and reinvent its expert conclusions to account for such omissions.

Because Rembrandt's last-minute expert reports are neither "substantially justified" nor "harmless," they must be excluded under Rule 37(c).  Fed. R. Civ. P. 37(c)(1).

## III.    CONCLUSION

For the foregoing reasons and the reasons set forth in its opening brief, Facebook respectfully requests that the Court grant its Motion to Strike the Supplemental Expert Report of James E. Malackowski and the Reply Expert Report of Kent D. Van Liere, Ph.D.

Dated:  August 30, 2013

Respectfully submitted,

By:    */s/ Phillip E. Morton*

    Jonathan G. Graves (VSB No. 46136)
    Phillip E. Morton (VSB No. 71299)
    COOLEY LLP
    11951 Freedom Drive
    Reston, VA  20190
    Telephone:  703-456-8000
    Facsimile:   703-456-8100
    jgraves@cooley.com
    pmorton@cooley.com

    Michael G. Rhodes (Admitted *pro hac vice*)
    Heidi Keefe (Admitted *pro hac vice* )
    Mark Weinstein (Admitted *pro hac vice*)
    COOLEY LLP
    Five Palo Alto Square
    3000 El Camino Real
    Palo Alto, CA 94306-2155
    Telephone:  (650) 843-5000
    Facsimile:   (650) 857-0663
    rhodesmg@cooley.com
    hkeefe@cooley.com
    mweinstein@cooley.com

    Attorneys for Defendant Facebook, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 30th day of August, 2013, I will electronically file the foregoing REBUTTAL IN SUPPORT OF DEFENDANT FACEBOOK, INC.'S MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF JAMES E. MALACKOWSKI AND REPLY EXPERT REPORT OF KENT D. VAN LIERE PH.D, with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Ahmed J. Davis
> Linhong Zhang
> FISH & RICHARDSON P.C.
> 125 K Street N.W. 11th Floor
> Washington, D.C. 2005
> Telephone:  (202) 783-5070
> Facsimile:  (202) 783-2231
> *Counsel for Plaintiff Rembrandt Social Media, LP*

                    _/s/ Phillip E. Morton_

                    Jonathan G. Graves (VSB No. 46136)
                    Phillip E. Morton (VSB No. 71299)
                    COOLEY LLP
                    11951 Freedom Drive
                    Reston, VA  20190
                    Telephone:  703-456-8000
                    Facsimile:  703-456-8100
                    jgraves@cooley.com
                    pmorton@cooley.com

                    Attorneys for Defendant Facebook, Inc.