IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| REMBRANDT SOCIAL MEDIA, LP, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-158 |
| | ) | |
| FACEBOOK, INC., | ) | |
| Defendant. | ) | |
| | ) | |

F I L E D
DEC - 3 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### ORDER

The matter came before the Court on defendant's motion to exclude the testimony of Dr. Jennifer Golbeck (Doc. 236). The matter has been fully briefed and argued.

Defendant seeks to exclude the testimony of plaintiff's expert, Dr. Golbeck, regarding:

(1) "privacy level information,"

(2) whether prior art references are properly combinable, and

(3) Facebook's commercial success.

For the reasons that follow, defendant's motion to exclude the specified testimony of Dr. Golbeck must be granted.

### I.

Under Rule 702 of the Federal Rules of Evidence, a court may permit opinion testimony from an expert only if such testimony is "the product of reliable principles and methods" applied "reliably to the facts of the case." Accordingly, the district judge acts as a gatekeeper, tasked with inquiring whether expert testimony "is not only relevant, but reliable." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993).

1

## A.

First, defendant seeks to exclude Dr. Golbeck's expert testimony regarding whether prior art identified by Facebook discloses "privacy level information" as required by the '316 patent, arguing that her testimony is an attempt to reconstrue the term "privacy level information" in a manner inconsistent with the Court's Markman determination. In this Court's June 6, 2013 Order, the term "privacy level information" was construed as "configuration information that describes or specifies which user(s) or categories of users are permitted to view particular content on a cohesive diary page." *Rembrandt Social Media, LP v. Facebook, Inc.*, 1:13-cv-158 at *2 (E.D. Va. June 6, 2013) (Order). Yet, Dr. Golbeck identifies "privacy level information" as:

> (1) a "rule" that "indicates the metes and bounds of who has permission to view particular content;"
>
> (2) a system that is "not simply a private system where a user logs in and sees data that can't be shared;"
>
> (3) a way of identifying "the specific user(s) or categories of user(s) that have permission to view particular content;" and
>
> (4) a system that is not just "all content," or a system merely with a private log-in.

Expert testimony based on these definitions is an attempt to redefine the term "privacy level information" in a manner inconsistent with the Court's June 6, 2013 Order. A statement that privacy level information must indicate the "metes and bounds" of who has permission, or a statement that privacy level information must indicate the "specific" user or users who may access certain content, impermissibly alters and narrows the construction of the term "privacy level information." The Court's construction did not indicate or require that privacy level

2

information must identify the universe of those who may and may not access certain content. According to the Court's construction, configuration information that describes a user who is permitted to view particular content is privacy level information. Any testimony of Dr. Golbeck altering or varying the Court ordered definition of "privacy level information" must therefore be excluded. Such testimony is not relevant and likely to cause jury confusion.[1]

### B.

Second, defendant seeks to exclude Dr. Golbeck's testimony in her rebuttal report regarding whether prior art identified by defendant is properly combinable. In her rebuttal report, Dr. Golbeck identifies the opinion of defendant's own expert, Dr. Klausner, who states that the prior art is properly combinable. In an attempt to refute that that opinion, Dr. Golbeck states that the combination of the two prior inventions is not obvious, that there is no apparent reason to combine the two prior inventions, and that Mr. Klausner failed to provide any reason why a person would have been motivated to do so.

Dr. Golbeck's opinion may have been intended to point out that defendant did not carry its burden of establishing "why a person having ordinary skill in the art would combine the references to arrive at the claimed invention." *Innogenetics, N.V. v. Abbott Labs*, 512 F.3d 1363, 1374 (Fed. Cir. 2008). Yet, in so doing, Dr. Golbeck merely states that it is not obvious to combine the prior teachings, and that a person would have no reason to do so. She gives no sources for this opinion, and provides no reason to believe her opinion is based on a reasoned explanation. Accordingly, because Dr. Golbeck's testimony on combining prior art is

---

[1] "When experts opine as to claim construction issues, the risk of jury confusion is high, and allowance of such testimony is improper." *Callpod, Inc. v. GN Netcom, Inc.*, 703 F.Supp.2d 815, 819 (N.D. Ill. 2010).

3

unsupported by facts or data, and she provides no reasons or bases for her opinion, it must be excluded under *Daubert* as unreliable and unhelpful.

Furthermore, plaintiff submitted a supplemental brief, the Golbeck Declaration, on this issue, but it was untimely filed. Plaintiff provides no reason for the declaration's untimeliness, nor does it provide a reason that declaration should be admitted as either "substantially justified or harmless." *Rembrandt Vision Techs., L.P. v. Johnson & Johnson Vision Care, Inc.*, 2013 WL 4007537 (Fed. Cir. 2013). In fact, plaintiff does not discuss the tardiness of the declaration at all. Accordingly, the Golbeck Declaration must be excluded as untimely under FED. R. CIV. P. 37(c).

## C.

Finally, defendant seeks to exclude the testimony of Dr. Golbeck on the issue of Facebook's commercial success because her testimony is based solely upon the conclusions of plaintiff's damages expert, James E. Malackowski, in his damages report. As plaintiff itself has admitted, if Mr. Malackowski's expert report is admissible, so is Dr. Golbeck's testimony on the issue—and vice versa. Plaintiff offered no other reason as to why Dr. Golbeck's testimony on this issue would be admissible if this Court were to find Mr. Malackowski's damages report inadmissible. Thus, because Dr. Golbeck's testimony regarding commercial success relies solely upon Mr. Malackowski's excluded report, Dr. Golbeck's testimony must be excluded.

## II.

Accordingly, for the reasons stated above, and for good cause,

It is hereby **ORDERED** that defendant's motion is **GRANTED** with respect to testimony of Dr. Golbeck regarding "privacy level information" that is inconsistent with the Court's construction.

It is further **ORDERED** that defendant's motion is **GRANTED** with respect to testimony of Dr. Golbeck regarding whether prior art references are properly combinable.

It is further **ORDERED** that defendant's motion is **GRANTED** with respect to the Golbeck Declaration, which is excluded as untimely.

It is further **ORDERED** that defendant's motion is **GRANTED** with respect to testimony of Dr. Golbeck regarding Facebook's commercial success.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
December 3, 2013

/s/
T. S. Ellis, III
United States District Judge