IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
DEC - 6 2013
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

REMBRANDT SOCIAL MEDIA, LP, )
)
Plaintiff, )
) Case No. 1:13-cv-158
v. )
)
FACEBOOK, INC., et al., )
)
Defendants. )
)

## ORDER

At issue in this patent case between plaintiff, Rembrandt Social Media, LP, and defendant, Facebook, Inc., is the alleged infringement of two patents: U.S. Patent No. 6,415,316 ("the '316 patent") and U.S. Patent No. 6,289,362 ("the '362 patent").

On September 20, 2013, defendant moved to exclude the damages testimony of plaintiff's expert, James E. Malackowski (Doc. 239). Plaintiff's theory of damages in this case rests solely on this expert's report regarding a reasonable royalty. In its December 3, 2013 Order and accompanying Memorandum Opinion, the Court excluded the expert report and testimony of Mr. Malackowski regarding damages on the ground that the methodology used to calculate a reasonable royalty was unreliable under *Daubert*[1] and Rule 702, Fed. R. Evid. (Docs. 350, 351).

Plaintiff has had ample opportunity to craft its theory of damages and to submit its expert report, which has now been stricken. It is clear that allowing plaintiff to craft new theories of damages for presentation at trial, which has long been scheduled to commence in less than two working days, would be manifestly unfair to defendant. Yet, it is similarly clear, and both parties

---
[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

1

agree, that the question of the damage report's admissibility under *Daubert* and Rule 702, Fed. R. Evid., is a "controlling question of law as to which there is substantial ground for difference of opinion," and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The Court of Appeals for the Federal Circuit has held that a patentee that has proved infringement has also proved the existence of damages,[2] but given the uncertainty in this case regarding plaintiff's ability to put forward any evidence of damages, it is appropriate to certify this issue to the Court of Appeals for the Federal Circuit for resolution on the question of the admissibility of plaintiff's expert report and related testimony on damages, and to stay the case pending resolution of that issue.

Accordingly, for the reasons stated above, and for good cause,

It is hereby **ORDERED** that the question on the admissibility of plaintiff's expert report on damages, excluded by the Court, is **CERTIFIED** to the Court of Appeals for the Federal Circuit. The parties are given permission to appeal this court's December 3, 2013 Order and accompanying Memorandum Opinion excluding plaintiff's expert damages report and testimony of James E. Malackowski.

It is further **ORDERED** that this case is **STAYED** pending resolution of the expert report's admissibility by the Court of Appeals for the Federal Circuit.

The Clerk is directed to send a copy of this Order to all counsel of record and to place the matter among the inactive causes.

December 6, 2013
Alexandria, Virginia

T. S. Ellis, III
United States District Judge

---

[2] *See, e.g., Lindemann Maschinenfabrik GmbH v. American Hoist & Derrick Co., Harris Press & Shear Div.*, 895 F.2d 1403 (Fed. Cir. 1990) ("In patent law, the fact of infringement establishes the fact of damage because the patentee's right to exclude has been violated.").

2