IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| REMBRANDT SOCIAL MEDIA, LP<br><br>    Plaintiff,<br><br>  v.<br><br>FACEBOOK, INC.<br><br>    Defendant. | C.A. No. 1:13-cv-158(TSE)(TRJ) |

**<u>REMBRANDT'S PRE-VERDICT MOTION FOR A NEW TRIAL</u>**

Rembrandt moves for relief from a series of questions by the Court that have seriously and unfairly prejudiced Rembrandt in front of the jury on the key infringement issue of whether Facebook's BigPipe applet meets the claim requirement of assembling a cohesive diary page.[1] In its questions to Facebook's witness Mr. Stefan Parker, the Court used verbatim claim language even though Mr. Parker had no knowledge of the claims or the Court's claim constructions and so was not qualified to be asked about them. Mr. Parker's answers unwittingly supported Facebook's position that its cohesive diary pages did not infringe because were assembled by browsers rather than by BigPipe. The Court even led Mr. Parker to the answers that Facebook wanted, and, by its comments, left the distinct impression to the jury that the Court agreed with his answers and had thus resolved the key disputed infringement issue against Rembrandt. So clear was the prejudicial effect that Facebook quickly withdrew its non-infringement expert even though it had just argued vigorously that he be allowed to testify about the DOM.[2]

Among the questions were the following:

> THE COURT: Well, does BigPipe assemble a cohesive diary page?
>
> THE WITNESS: No.[3]
>
> * * * *
>
> THE COURT: Would it be fair then to say that the browser assembles a cohesive diary page but BigPipe sends to the browser instructions on how to do it.
>
> THE WITNESS: Yes.[4]

---

[1] *See* '316 Patent claim 1 ("A method of organizing information for display, comprising: . . . assembling the cohesive diary page . . . .")

[2] Trial Tr. 6/11 A.M. at 148:4-157:11.

[3] Trial Tr. 6/12 A.M. at 97:16-18.

[4] *Id.* at 100:4-8.

1

* * * *

THE COURT: Is that what you referred to when you answered my question that the browser gets instructions on how to assemble the diary page, the cohesive diary page from BigPipe, but it's the browser that assembles it.

THE WITNESS: Yes.

THE COURT: All right. Let's not belabor it any more than that, unless that question and answer misses a point.[5]

* * * *

THE COURT: Yes, I asked him a question, and he gave an answer, and it may well apply to the patent. You don't have any real control over that. He doesn't have to study the patent. I asked him specific questions focused on terms of the patent, and he gave an answer.

Next question.

ATTORNEY GOETZ: Your Honor, may we approach?

THE COURT: No.[6]

A new trial should be granted when "in the conduct of the trial, an error occurred that was so egregious as to render the trial unfair."[7] Such an error occurred here.

There was no way that Rembrandt's attorneys could cure the damage done by the Court's prejudicial questioning. It is one thing to attack a line of questions by opposing counsel. It is quite another to attempt to undermine testimony elicited and seemingly approved by the Court. This is especially true in a situation where counsel for Rembrandt knew, based on elicited testimony from the witness, that Mr. Parker had no competent evidence to offer on the claim terms of the patent. Thus any questions using the claim terms would have utterly lacked

---

[5] *Id.* at 102:9-17.

[6] *Id.* at 103:6-22.

[7] *Advanced Display Sys., Inc. v. Kent State Univ.*, 212 F.3d 1272, 1284 (Fed. Cir. 2000). *See also Aaron v. Kroger Ltd. P'ship I*, 496 Fed. Appx. 362, 363 (4th Cir. 2012) (citing *United States v. Villarini*, 238 F.3d 530, 536 (4th Cir. 2001).

foundation and it would have been improper for counsel for Rembrandt to seek to elicit any such testimony. Indeed, the very question asked by the Court concerning whether BigPipe assembled the cohesive diary page would have been highly improper if asked by either side.

Mr. Parker was testifying as a lay witness about his experience working on the Facebook system. He admitted he had never read the patents.[8] He admitted that he was unaware of the Court's claim construction.[9] Indeed, he admitted that he did not know what claim construction was.[10] As such Mr. Parker had no basis to testify about whether the accused Facebook system met the "assembling the cohesive diary page" limitation, particularly given that as used in the asserted claims—and defined by the Court—"assembling the cohesive diary page" limitation does not simply have its ordinary meaning.[11] [12] The line of questioning by the Court was

---

[8] Trial Tr. 6/11 A.M. at 102:22-25.

[9] *Id.* at 114:5-13.

[10] *Id.*

[11] *See, e.g.*, *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1376 (Fed. Cir. 2005) (holding that patent infringement requires "construing the patent's claims and then applying that construction to the accused process or product"); *see also e.g.*, *Marctec, LLC v. Johnson & Johnson*, 07-CV-825-DRH, 2010 WL 680490 (S.D. Ill. Feb. 23, 2010) *aff'd*, 664 F.3d 907 (Fed. Cir. 2012) (excluding testimony that did not address the requirements of the court's claim construction as "irrelevant to the question of infringement" ); *SSL Servs., LLC v. Citrix Sys., Inc.*, 940 F. Supp. 2d 480, 501 (E.D. Tex. 2013) ("The Court did not err in precluding Mr. Murgia's opinion testimony regarding his subjective beliefs regarding infringement and invalidity, particularly when he did not consider this Court's claim construction order when forming such beliefs.").

[12] Rather, the claim itself further explains that the "diary program" must "assembl[e] the cohesive diary page" by "dynamically combining the content data and the page design in accordance with the configuration information for the cohesive diary page to be displayed by the diary program running in the browser." And the Court issued two claim constructions relevant to this claim element. The Court defined "assembling the cohesive diary page by dynamically combining the content data and the page design in accordance with the configuration information" as "forming the cohesive diary page to be displayed by combining, at the time of display, the content data with the page design, to generate a page definition that is in compliance with the configuration information." And the Court further defined "page definition" as "information that completely defines the appearance of a page."

3

particularly prejudicial because the Court itself expressly linked the testimony to the patents, and implied—contrary to the established law—that Mr. Parker could, and did, testify to whether the claim limitations are met without knowing anything about the patents or the court's claim construction.[13] [14]

Although Federal Rule of Evidence 614 gives the Court the authority to question witnesses, the Court's "discretion to question witnesses is not unfettered."[15] The Fourth Circuit has stated that it is important "that the court minimize its own questioning of witnesses, to the end that any such judicial departure from the normal course of trial be merely helpful in clarifying the testimony rather than prejudicial in tending to impose upon the jury what the judge seems to think about the evidence.'"[16] Here, the Court's questioning went beyond clarification and prejudiced Rembrandt by imposing on the jury the Court's thoughts about the evidence.

Accordingly, under the authorities there are sufficient grounds for a new trial. It is possible, however, that sufficient corrective steps by the Court short of a new trial could remove the prejudice. Rembrandt thus asks that the Court either take the corrective steps outlined below, or in the alternative declare a mistrial. The corrective action sought would be for the Court to

---

[13] Trial Tr. 6/12 AM 103:6-22 ("He doesn't have to study the patent. I asked him specific questions focused on terms of the patent, and he gave an answer.").

[14] Furthermore, the prejudicial effect of the Court's questions infected not only the jury's analysis of the '316 patent, but also claim 8 of the '362 patent. As both parties have acknowledged throughout the trial, claim 8 of the '362 patent's requirement of an "applet for dynamically generating a page definition" raises substantially the same issues of non-infringement as the "assembling the cohesive diary page" limitation of the '316 patent. Thus the jury would understand that Mr. Parker's answers on the claims of the '316 patent would also apply to the '362 patent.

[15] *United States v. Barnhart*, 599 F.3d 737, 743 (7th Cir. 2010).

[16] *Pollard v. Fennell*, 400 F.2d 421, 424 (4th Cir. 1968) (quoting *Groce v. Seder*, 267 F.2d 352, 355 (3d Cir. 1959)).

strike the questions from the record and inform the jurors that it should not have asked Mr. Parker about where Facebook's diary pages were assembled because Mr. Parker was unaware that the assembly step has a special meaning under the Court's claim construction. The jurors should be told that Mr. Parker's answers to the Court's questions therefore have nothing to do with the infringement issue and should be ignored.

Dated: June 12, 2014                                              Respectfully submitted,

                                                FISH & RICHARDSON P.C.

By:   */s/ Ahmed J. Davis*

      Ahmed J. Davis (Va. Bar No. 43982)
      Daniel R. Gopenko (Va. Bar No. 83932)
      1425 K Street N.W., 11th Floor
      Washington, D.C. 20005
      Telephone: (202) 783-5070
      Facsimile:  (202) 783-2231

      Thomas M. Melsheimer
      1717 Main Street, Suite 5000
      Dallas, Texas 75201
      Telephone:  (214) 747-5070
      Facsimile:  (214) 747-2091

      Robert E. Hillman
      Lawrence K. Kolodney
      One Marina Park Drive
      Boston, MA 02110
      Telephone: (617) 542-5070
      Facsimile: (617) 542-8906

      John S. Goetz
      601 Lexington Ave., 52nd Floor
      New York, NY 10022
      Telephone:  (212) 765-5070
      Facsimile: (212) 258-2291

      *Attorneys for Plaintiff Rembrandt Social Media LP*

## CERTIFICATE OF SERVICE

      I hereby certify that on the 12th day of June, 2014, I will electronically file the foregoing **REMBRANDT'S PRE-VERDICT MOTION FOR A NEW TRIAL** with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to the following:

> Phillip E. Morton
> Stephen R. Smith
> Jonathan G. Graves
> **Cooley LLP**
> Reston Town Center
> 11951 Freedom Drive
> Reston, VA 20190
> Telephone: 703-456-8000
> Facsimile:  703-456-8100
>
> Michael G. Rhodes
> **Cooley LLP**
> 4401 Eastgate Mall
> San Diego, CA 92121
> Telephone:  858-550-6000
> Facsimile:  858-550-6420
>
> Mark R. Weinstein
> Heidi Lyn Keefe
> **Cooley LLP**
> 5 Palo Alto Square
> 3000 El Camino Real
> Palo Alto, CA 94304
> Telephone:  650-843-5000
> Facsimile:  650-849-7400
>
> *Counsel for Defendant Facebook, Inc.*

                                     */s/ Ahmed J. Davis*
                                     Ahmed J. Davis